# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

_____

MICHAEL ARSENEAU,

                                                CV 09-117-M-JCL

          Plaintiff,

       vs.

                                          ORDER

ALLSTATE INSURANCE COMPANY,
MATT MUNDT, individually, and
JOHN DOES A, B, and C,

          Defendants.

_____

On September 22, 2010, Plaintiff Michael Arseneau ("Arseneau") filed an "emergency" motion requesting an order compelling Ms. Lovejoy to comply with a subpoena duces tecum that Arseneau served on her.[1]  Arseneau states that Ms. Lovejoy is Defendant Allstate Insurance Company's  ("Allstate") "corporate representative", and that he served the subpoena on her for the production of documents in connection with her deposition scheduled for September 24, 2010. Alternatively, Arseneau requests the Court hold Ms. Lovejoy in contempt based on her alleged "refusal" to comply with the subpoena.

_____

[1]Arseneau did not provide the Court with a copy of the subpoena.

1

On September 23, 2010, Allstate filed a response to Arseneau's motion.

Allstate opposes the motion on both procedural and substantive grounds.

## I.   Controlling Law - Rules 34 and 45

Allstate submitted a copy of Arseneau's subpoena with its response brief.

The subpoena states that Arseneau's request for the production of documents was

made under Fed. R. Civ. P. 45.  Because the subpoena's request for production

was issued to Allstate's corporate representative, Allstate argues that Arseneau

was obligated to make his production requests under Fed. R. Civ. P. 34, not Rule

45.  Allstate contends Rule 45, read in conjunction with Rule 34, prohibits

Arseneau from employing Rule 45 to request production of documents from a

party to this action, as opposed to a nonparty.  The Court disagrees with the strict

construction of the Rules offered by Allstate.

Rules 34 and 45 do not expressly prohibit a party from compelling

production of documents from another "party" pursuant to a subpoena issued

under authority of Rule 45.  The Court recognizes that Rule 34(a) governs requests

for production from a "party",[2] and that Rule 34(c) provides that requests for

production from "nonparties" may be accomplished under Rule 45.  Nonetheless,

_____

[2]A request for production of documents from a party under Rule 34 can be made in conjunction with a notice of a deposition of a party to the action.  *See* Fed. R. Civ. P. 30(b)(2).

the text of Rule 45 does not expressly prohibit the use, and service, of a Rule 45 subpoena duces tecum on a party to the action.  *See Gaudin v. Remis*, 2007 WL 294130, *3 (D. Hawaii 2007).  *See also Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000) (noting that the issue of whether Rule 34 or Rule 45 governs the production of documents from a "party", and the language of Rule 45 is not "crystal clear") (citation omitted).  Because Rule 45 does not expressly prohibit its use with respect to a request for production of documents from a "party", the Court will proceed to analyze Arseneau's motion under Rule 45 as stated in the subject subpoena.

## II.    Timeliness of Arseneau's Motion to Compel

Allstate argues that Arseneau's motion to compel should be denied because it was filed beyond the motions deadline established by the Court's scheduling order of January 13, 2010.  As a correlative argument, Allstate asserts the subpoena requests the same documents that were the subject of prior Rule 34 requests for production - requests to which Allstate responded several months ago.

Contrary to Allstate's assertion, Arseneau's motion is not barred by the motions deadline.  Pursuant to stipulation of the parties, the Court extended the deadline for conducting depositions until September 30, 2010.  Dkt. #s 33-36. Thus, Arseneau's subpoena complies with that deadline.  Therefore, as discussed

3

below, Arseneau's motion seeking compliance with the subpoena is likewise timely under Fed. R. Civ. P. 45(c)(2)(B)(i).

Allstate next asserts <u>all</u> of the document requests set forth in the subpoena were previously stated in Arseneau's prior requests for production under Fed. R. Civ. P. 34. Review of Arseneau's prior discovery requests does reflect that some of the requests in the subpoena are similar to Arseneau's prior requests for production. The Court finds, however, that the requests are not identical in every word. Due to the relative timing of Arseneau's motion and the deposition scheduled for September 24, 2010, the Court cannot conclusively state that <u>all</u> requests in the subpoena are contained in Arseneau's prior discovery requests.

## III.   Motion to Compel - Allstate's Objections

The record reflects that Allstate's counsel received Ms. Lovejoy's subpoena on September 13, 2010. In response to the subpoena, and in compliance with Rule 45(c)(2)(B), Allstate sent a letter dated September 15, 2010, to Arseneau's counsel in which Allstate asserted objections to portions of the subpoena. Allstate posed objections to 14 of the 25 categories of documents requested in the subpoena. The various objections are asserted on the following grounds: (1) attorney-client privilege, (2) attorney work product privilege, (3) relevance, (4) beyond scope of discovery, (5) overly broad, (6) unduly burdensome, (7) confidential information

4

(Rule 26(c)(1)(G)), and (8) privacy.  Allstate indicated in its letter, however, that with respect to four of the categories of documents to which it objected on privilege grounds, Ms. Lovejoy would make some documents available at her deposition to the extent the privileges do  not apply to those documents.

Based on the objections set forth in Allstate's September 15, 2010 letter, Arseneau moves to compel Ms. Lovejoy's compliance with the subpoena.  The Court, therefore, construes Arseneau's motion as filed pursuant to Rule 45(c)(2)(B)(i).

Arseneau's brief presents no cogent argument with pertinent authority supporting his contention that all of the objections raised by Allstate are without merit.  Rather, he simply asserts the motion should be granted.  Based on the present record, the Court cannot make an informed decision upon Arseneau's challenge to the totality of Allstate's objections.

Nonetheless, the Court notes one matter as follows:  The Court anticipates that Allstate - having expressly asserted the attorney-client privilege and the attorney work product privilege objections - will produce a privilege log as required by Fed. R. Civ. P. 26(b)(5)(A) within a reasonable time.  The Court recognizes Allstate has already produced privilege logs in connection with its responses to Arseneau's prior discovery requests.  But it is not clear on the record

presently before the Court whether those privilege logs cover all of the documents requested in Ms. Lovejoy's subpoena.

Therefore, IT IS ORDERED that Arseneau's motion to compel is DENIED. Ms. Lovejoy's deposition shall otherwise proceed as scheduled.  Allstate's objections can be noted as provided under Fed. R. Civ. P. 30(c)(2), and the merits of Allstate's objections and Arseneau's challenges to them can be resolved in subsequent proceedings in this case as necessary, and Ms. Lovejoy's deposition will be reopened if appropriate.

IT IS FURTHER ORDERED that Arseneau's alternative motion requesting the Court hold Ms. Lovejoy in contempt is DENIED.

DATED this 23rd day of September, 2010.


 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge