**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

_____

MICHAEL ARSENEAU,

                                  CV 09-117-M-JCL

          Plaintiff,

      vs.

                                  ORDER

ALLSTATE INSURANCE COMPANY,
MATT MUNDT, individually, and
JOHN DOES A, B, and C,

          Defendants.

_____

## I.    Introduction

This action stems from an April 12, 2004, collision which occurred between

a motorcycle operated by Plaintiff Michael Arseneau and an automobile operated

by Mariel Mooney.  At the time of the collision, Mooney was insured under an

automobile liability policy issued to her by Defendant Allstate Insurance

Company.  The referenced policy had a bodily injury liability limit of $25,000 per

person. Defendant Matt Mundt was Allstate's adjuster charged with responsibility

for handling the personal injury claim made by Arseneau against Mooney.

After Arseneau and Allstate were unable to effect the resolution of

Arseneau's claim, Arseneau filed a personal injury suit against Mooney in March

of 2007.  In September of 2008, a settlement of Arseneau's lawsuit against

Mooney was reached, with Allstate paying Arseneau the $25,000 bodily injury

limit.

The claims advanced by Arseneau in the present diversity action are based

upon the Unfair Trade Practices Provisions of the Montana Insurance Code, which

prohibits any "person" from engaging in certain insurance claims settlement

practices.  Mont. Code Ann. § 33-18-201,(1),(4),(5),(6),(9),(13).  Arseneau alleges

the Defendants engaged in prohibited practices in their handling of his personal

injury claim.

The scheduling order entered in this matter on January 13, 2010, established

August 31, 2010, as the deadline by which all discovery was to be accomplished.

Pursuant to order entered July 30, 2010, the referenced scheduling order was

amended to allow the parties until September 30, 2010, to accomplish depositions.

On August 27, 2010, the Defendants served a second supplement to their

Fed. R. Civ. P. 26(a)(1) initial disclosure.  Among other things, the second

supplement provided the names – and the accompanying information required by

Rule 26(a)(1)(A)(i) – of the following eight individuals:

    (1) Elizabeth Lowrance;
    (2) Kevin Twidwell;
    (3) Timothy Fuerstenau;

(4) Lee Wulf;
(5) Norm Tierney
(6) Kimberly J. DePrez
(7) Meredith S. Kennedy
(8) Frederick J. Hykel III
(9) Jennifer L. Worth
(10) Kara L. Tobaben

The first two individuals, Lowrance and Twidwell, are attorneys who represented Allstate's insured, Mariel Mooney, in the underlying personal injury action. The remaining eight individuals were all employees of Defendant Allstate that were involved in various capacities with the handling of Arseneau's claim.

Presently before the Court is Arseneau's motion – titled "Motion to Quash Defendants' Supplement Initial Disclosure Statement and Motion for Sanctions" – filed in response to the Defendants' second supplement to their initial disclosure. The motion requests the Court to enter a default judgment against the Defendants for purportedly concealing the identity of the referenced ten individuals until shortly before the close of discovery, thereby severely prejudicing Arseneau in the preparation of his case. Although Arseneau does not cite the authority under which he asks the Court to impose the sanction of a default judgment, the Court construes the motion as one presented under Fed. R. Civ. P. 37(c)(1).

Arseneau generally asserts that the Defendants had an obligation to timely disclose the identity of the ten individuals. But he does not precisely state whether

he is relying upon the obligation imposed by the initial disclosure requirement of

Rule 26(a)(1)(A)(i) or the requirement of Rule 26(e) to supplement or correct a

response previously made to an interrogatory.  For purposes of completeness, the

Court will address both obligations as they bear upon the resolution of Arseneau's

motion.

## II.  Discussion

### A.  Procedural Background

#### 1.    *The Eight Allstate Employees*

On February 19, 2010, the Defendants served their responses to Arseneau's

first set of discovery requests – a set that consisted of eleven requests for

admission, nine requests for production of documents, and one interrogatory. The

lone interrogatory did not request the Defendants to identify all employees of

Allstate who participated in the handling of Arseneau's claim.

In response to several of the requests for production, the Defendants

produced all documents which comprised the claims file generated with respect to

Arseneau's claim.[1]  The Defendants state that the identities of all eight of the

---

[1]  The Defendants withheld from production certain documents they claimed
were privileged and identified those documents on a privilege log.  Arseneau has
not challenged the Defendants' claim of privilege with respect to the documents
identified on the privilege log.

contested Allstate employees were set forth within the text of documents

contained in the claims file.  Arseneau has not filed a reply challenging the

accuracy of this representation by the Defendants.

Subsequently, on April 26, 2010, the Defendants served their Rule 26(a)(1)

initial disclosure. [2] Among the various individuals identified in the initial

disclosure were a total of three Allstate employees who participated in the

handling of Arseneau's claim: Matt Mundt, Kary Jones, and Kathleen Kowalski.

On August 2, 2010, the Defendants served responses to the Arseneau's

second set of discovery requests.  These requests included Interrogatory No. 2,

which stated:

> Interrogatory No. 2: Please list the names, addresses, and titles of all
> persons who worked on and/or made decisions on [Arseneau's] claim.

The Defendants answered the interrogatory by again identifying Matt

Mundt, Kary Jones, and Kathleen Kowalski.  In addition, the Defendants

identified seven of the eight contested Allstate employees.  The only individual

not identified in the Defendants' answer was Timothy Fuerstenau.  As noted,

however, Fuerstenau's name appeared in the documents which comprised the

---

[2] The Court presumes that the parties stipulated to a different time for
making the initial disclosures than that set forth in Rule 26(a)(1)( C), neither party
having rendered an objection.

claims file that had been produced to Arseneau on February 19, 2010.

On August 27, 2010, the Defendants provided the second supplement to their initial disclosures identifying the eight contested Allstate employees.  The Defendants' filing of the second supplement was the first notice provided to Arseneau that the Defendants might rely on the testimony of these individuals to support their defenses to Arseneau's claims.  The notice came roughly thirty days prior to the September 30, 2010, deadline for the accomplishment of depositions.

Finally, on August 30, 2010, Defendants served their answers to Arseneau's third set of discovery requests.  In answering Arseneau's Interrogatory No. 9, the Defendants identified all eight contested Allstate employees – including Fuerstenau – as persons involved in the handling of Arseneau's "file."

### 2.   *Attorney Lowrance and Twidwell*

As noted, the two attorneys identified in the second supplement to Defendants' initial disclosure – Elizabeth Lowrance and Kevin Twidwell – were the attorneys who represented Allstate's insured Mariel Mooney in the underlying personal injury action.  Arseneau's lead counsel in the present case, Tracey Morin, also represented Arseneau in the personal injury action.  Obviously, the identity of attorneys Lowrance and Twidwell and their involvement in the settlement of the personal injury action were matters known to Arseneau.  The point to be made

with regard to these two individuals is that, again, the Defendants' filing of the

second supplement was the first notice provided to Arseneau that the Defendants

might rely on the testimony of Lowrance and Twidwell to support their defenses.

Against this factual backdrop, the Court turns to address whether the

Defendants complied with the discovery obligations imposed by Rule

26(a)(1)(A)(i) as alleged by Arseneau.

### B.  Controlling Law

Fed. R. Civ. P. 26(a)(1)(A) requires a party to provide other parties an initial

disclosure which contains information relating to witnesses, documents, damages,

and insurance.  With respect to witnesses, Rule 26(a)(1)(A)(i), requires a party to

disclose the names and known addresses and telephone numbers of individuals

"likely to have discoverable information – along with the subjects of that

information" that the disclosing party "may use to support its claims or defenses,

unless solely for impeachment." The Rule imposes no obligation to disclose

witnesses that may be harmful to the disclosing party's case.  *See* Advisory

Committee Notes to 2000 Amendment to Fed. R. Civ. P. 26(a)(1).

The disclosure obligation only attaches to witnesses "a party intends to use

and also to witnesses...the party intends to use if – in the language of Rule 26(a)(3)

– 'the need arises.'" *See* Advisory Committee Notes to 2000 Amendment to Fed.

R. Civ. P. 26(a)(1).  A party is also obligated to timely supplement its disclosures

when the party determines that it may use a witness that it did not previously

intend to use.  *See* Fed. R. Civ. P. 26(a)(3); *see also* Advisory Committee Notes to

2000 Amendments to Fed. R. Civ. P. 26(a)(1).

> Fed. R. Civ. P. 26(e) provides in pertinent part:
>
> A party who has made a disclosure under Rule 26(a) – or who has
> responded to an interrogatory, request for production, or request for
> admission – must supplement or correct its disclosure or response:
>
> A.  In a timely manner if the party learns that in some material respect the
> disclosure or response is incomplete or incorrect, and if the additional or
> corrected information has not otherwise been made known to the other
> parties during the discovery process or in writing; ...

C.    The Defendants Complied with Fed. R. Civ. P. 26

The entire thrust of Arseneau's argument is based upon the general assertion

that the Defendants did not timely disclose the identities of the referenced eight

Allstate employees and the two attorneys.  As noted, Arseneau does not undertake

to articulate an argument as to why he believes the Defendants were in violation of

the obligations imposed by Fed. R. Civ. P. 26(a) or (e).[3]

---

[3]  In support of his general argument, Arseneau cites only to the case of
*Richardson v. State of Montana*, 130 P.3d 634 (2006) – a Montana case addressing
the scope of discovery under Montana Rule of Civil Procedure 26 and the
propriety of imposing sanctions for discovery abuses.  The case has no bearing
upon the interpretation and application to be afforded Fed. R. Civ. P. 26 in the
context of this case.

Addressing first the obligations imposed upon the Defendants by Rule 26(a) to file an initial disclosure and to supplement that disclosure as pertains to a defendant's use of witnesses, Arseneau has failed to establish that the Defendants violated the requirements of the rule.

Rule 26(a) requires a party to supplement its initial disclosure when the party determines it may use a witness it had not previously intended to use.  The Defendants did just that when they filed their second supplement to their initial disclosure on August 27, 2010, and identified the eight Allstate employees and the two attorneys.  Because the Defendants complied with the duties imposed upon them by Fed. R. Civ. P. 26(a) there exists no basis for the imposition of sanctions under Fed. R. Civ. P. 37(c)(1) as advocated by Arseneau.[4]

Contrary to Arseneau's suggestion, the Defendants also satisfied their obligations under Fed. R. Civ. P. 26(e) with regard to the supplementation of their prior responses to pertinent interrogatories.  As discussed, the Defendants served

---

[4] The analysis may have proven different prior to the 2000 amendments to Federal Rule of Civil Procedure 26(a)(1)(A).  Prior to those amendments the Rule required a party to disclose: "the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to facts alleged with particularity in the pleadings identifying the subjects of the information."  The initial disclosure obligation under Rule 26(a)(1)(A) & (B) were, however,  narrowed considerably by the 2000 Amendments.

their answer to Arseneau's Interrogatory No. 2 on August 2, 2010, and identified seven of the eight contested Allstate employees.[5]  As to Timothy Fuerstenau, the only individual not identified in the August 2, 2010, answer, it is undisputed that Fuerstenau's name appeared in documents which comprised the claims file that had been produced to Arseneau on February 19, 2010.  Thus, even though Fuerstenau's identity was not set forth in Defendants' answer to Interrogatory No. 2, the duty to supplement does not apply if the additional information has otherwise been "made known to other parties during the discovery process or in writing."  Moreover, the Defendants' August 27, 2010, answer to Arseneau's Interrogatory No. 9 constituted a sufficient and timely supplementation to their August 2, 2010, answer to Arseneau's Interrogatory No. 2.

Because Fuerstenau's identity was made known in the claims file previously produced, in the Defendants' second supplement to their initial disclosure, and in their answer to Arseneau's Interrogatory No. 9, the Defendants cannot be found to have run afoul of their duty to supplement under Rule 26(e).

## III.    Conclusion

Based upon the record, the Court finds that the Defendants satisfied the

---

[5] Attorneys Lowrance and Twidwell did not fall within the purview of Interrogatory No. 2.

obligations imposed upon them by Fed. R. Civ. P. 26.  Consequently,

IT IS ORDERED that Arseneau's motion seeking the imposition of

sanctions under Fed. R. Civ. P. 37(c)(1) is DENIED.

DATED this 27th day of October, 2010

_/s/ Jeremiah C. Lynch_____
Jeremiah C. Lynch
United States Magistrate Judge