## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

_____

MICHAEL ARSENEAU,

                                              CV 09-117-M-JCL

              Plaintiff,

     vs.

                                                 ORDER

ALLSTATE INSURANCE COMPANY,
MATT MUNDT, individually, and
JOHN DOES A, B, and C,

              Defendants.

_____

This matter is before the Court upon Defendants Allstate Insurance Company ("Allstate") and Matt Mundt's Motion for Partial Summary Judgment Regarding Counts III and IV filed pursuant to Fed. R. Civ. P. 56.  For the reasons discussed below, the motion is granted.

## I.    <u>BACKGROUND</u>

This action stems from an April 12, 2004, collision which occurred between a motorcycle operated by Plaintiff Michael Arseneau and an automobile operated by Mariel Mooney.  At the time of the collision, Mooney was insured under an automobile liability policy issued to her by Defendant Allstate Insurance Company.  The referenced policy had a bodily injury liability limit of $25,000 per

1

person.  Defendant Matt Mundt was Allstate's adjuster charged with responsibility for handling the personal injury claim made by Arseneau against Mooney.

After Arseneau and Allstate were unable to effect the resolution of Arseneau's claim, Arseneau filed a personal injury suit against Mooney in March of 2007.  In September of 2008, a settlement of Arseneau's lawsuit against Mooney was reached, with Allstate paying Arseneau the $25,000 bodily injury limit.

The claims Arseneau prosecutes in this diversity action are predicated upon the Unfair Trade Practices Act ("UTPA") provisions of the Montana Insurance Code which prohibit any "person" from engaging in certain insurance claim settlement practices.  Mont. Code Ann. § 33-18-201.  Specifically, Arseneau alleges he was damaged by Allstate and Mundt's failure to:  (1) pay the medical expenses and wage loss incurred by Arseneau in advance of a final resolution of his personal injury claim in its entirety, as required by Montana law, when Mooney's liability for Arseneau's injuries had become reasonably clear, and (2) attempt in good faith to effect a prompt, fair, and equitable settlement of his claims.

Arseneau also advances claims against Allstate and Mundt for their alleged negligent and intentional infliction of emotional distress upon Arseneau.

2

Allstate and Mundt move for partial summary judgment dismissing Arseneau's claims for negligent and intentional infliction of emotional distress. They contend the evidence of emotional distress on which Arseneau relies in support of those causes of action does not rise to the requisite level of serious or severe emotional distress which the Court should permit the jury to consider.

## II.   APPLICABLE LAW

### A.  Summary Judgment Standards

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).  A party moving for summary judgment who does not have the burden of persuasion at trial, must produce evidence which either:  (1) negates an essential element of the non-moving party's claim, or (2) shows that the non-moving party does not have enough evidence of an essential element to ultimately carry his burden at trial.  *Nissan Fire & Marine*

3

*Ins. Co. Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

Once the moving party has satisfied his burden, the party is entitled to summary judgment if the non-moving party fails to designate by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. A party opposing summary judgment must identify evidence establishing that a dispute as to a particular material fact is genuine. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opponent "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. The party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

An issue of fact is "genuine" if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson*, 477 U.S. at 248-49. A fact is "material" if it may affect the outcome of the case. *Id*. at 248.

In considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in the non-moving party's favor. *Anderson*, 477 U.S. at 255.

4

Additionally, "the court may not weigh the evidence or make credibility determinations[]" to resolve the motion. *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), *abrogated on other grounds as noted in, Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).

**B.  Application of Montana Law**

Because jurisdiction over this action is founded upon diversity of citizenship under 28 U.S.C. § 1332(a), the Court applies the substantive law of Montana, the forum state. *Medical Laboratory Mgmt. Consultants v. American Broadcasting Companies, Inc.*, 306 F.3d 806, 812 (9th Cir. 2002).

**III.  DISCUSSION**

In *Sacco v. High County Independent Press, Inc.*, 896 P.2d 411 (Mont. 1995), the Montana Supreme Court recognized independent causes of action for negligent or intentional infliction of emotional distress. The Court, however, established a heightened standard of proof for these stand-alone causes of action, holding that they:

> will arise under circumstances where serious or severe emotional distress to the plaintiff was the reasonably foreseeable consequence of the defendant's negligent or intentional act or omission.

*Sacco*, 896 P.2d at 426, 428-29. With respect to either cause of action, the plaintiff must ultimately prove that the emotional distress was "so severe that no

reasonable person could be expected to endure it." *Lorang v. Fortis Ins. Co.*, 192

P.3d 186, 222 (Mont. 2008) (quoting *Sacco*, 896 P.2d at 425-426, 428-29).  *See*

*also Renville v. Fredrickson*, 101 P.3d 773, 775-76 (Mont. 2004) (discussing

standard for severity and seriousness).  The Montana Supreme Court has described

serious or severe emotional distress as follows:

> Emotional distress passes under various names, such as mental suffering,
> mental anguish, mental or nervous shock, or the like.  It includes all highly
> unpleasant mental reactions, such as fright, horror, grief, shame,
> humiliation, embarrassment, anger, chagrin, disappointment, worry, and
> nausea.  It is only where it is extreme that the liability arises.  Complete
> emotional tranquillity is seldom attainable in this world, and some degree of
> transient and trivial emotional distress is a part of the price of living among
> people.  The law intervenes only where the distress inflicted is so severe
> that no reasonable [person] could be expected to endure it.  The intensity
> and the duration of the distress are factors to be considered in determining
> its severity. Severe distress must be proved...[.]

*Sacco*, 896 P.2d at 426.  Additionally, an individual may experience physical

manifestations of "severe" or "serious" emotional distress which can demonstrate

that the distress was genuinely serious or severe.  *Renville*, 101 P.3d at 776.

   *Sacco*'s heightened standard of proof requires "that a plaintiff claiming

intentional or negligent infliction of emotional distress must make a threshold

showing to the court that their emotional distress is 'serious or severe' in order to

proceed to trial." *Jacobsen v. Allstate Ins. Co.,* 215 P.3d 649, 663 (Mont. 2009)

(citing *Sacco*, 896 P.2d at 427).  In determining whether the threshold is satisfied

6

in any particular case, "it is for the court to determine whether[,] on the evidence[,] severe or serious emotional distress can be found; [and, if so,] it is for the jury to determine whether, on the evidence, it has in fact existed." *Sacco*, 896 P.2d at 425 and 429.

Allstate and Mundt contend the evidence in this case with respect to Arseneau's causes of action for the infliction of emotional distress fails to satisfy the threshold level of evidence from which a jury could find that he suffered severe or serious emotional distress as a result of Allstate and Mundt's conduct alleged in this action.  They point to Arseneau's deposition testimony wherein he stated he felt "young and stupid," "frustrated," and "just unhappy" when he talked to Allstate representatives.  He was "irritate[d]," "frustrat[ed], angry, annoyed [and in] rage" when Allstate investigated his back injury and requested documentation concerning his claim.  Arseneau also felt "pissed off" when Allstate would not pay for an injection he needed.  Allstate and Mundt assert that none of the evidence satisfies the threshold consideration required under *Sacco*.

In considering Arseneau's response to Allstate and Mundt's motion, the Court first notes that Arseneau has not complied with the Local Rules applicable to motions for summary judgment.  Specifically, the Local Rules require, in relevant part, as follows:

7

(b)  Any party opposing a motion for summary judgment must also

file a Statement of Genuine Issues.  The Statement must:

> (1)   set forth in serial form each fact on which the party relies to oppose the motion;
>
> (2)   cite a specific pleading, deposition, answer to interrogatory, admission or affidavit before the Court to support each fact; and
>
> (3)   be filed separately from the motion and brief.

L.R. 56.1(b).

Arseneau did not file a statement of genuine issues in response to Allstate

and Mundt's summary judgment motion.  Instead, in the body of his response brief

Arseneau quotes from portions of the questions and answers which are purportedly

transcribed from Arseneau's deposition.  Arseneau did not, however, attach any

excerpts of his deposition transcript.  Additionally, Arseneau quotes several of his

deposition answers without presenting the question that was asked of him that

elicited the quoted answer.  Thus, Arseneau's answers do not provide the Court

with the full context of the information and deposition testimony quoted in his

brief.

Arseneau's procedural deficiencies in responding to Defendants' summary

judgment motion detract from the merits of the genuine issues of material facts he

attempts to present.  Nonetheless, the Court will proceed to consider the information Arseneau has presented in his brief.

Arseneau has provided very limited information in response to Allstate and Mundt's summary judgment motion.  The first three pages of his brief contain his counsel's itemized list of 37 matters describing conduct in which Allstate or Mundt engaged, and Arseneau's reaction to that conduct.  The matters set forth in the itemized list, however, are merely statements of counsel and do not constitute evidence.  The matters in the list are not set forth in either affidavits, depositions, answers to interrogatories or admissions, and do not identify specific facts in the record establishing a genuine issue for trial.  Counsel's statements, therefore, do not constitute evidence on which the trier of fact could rely to support a finding of serious or severe emotional distress, and do not raise a genuine issue of material fact for purposes of considering Defendants' motion.

The balance of Arseneau's brief quotes portions of Arseneau's deposition testimony, but presents only limited evidence of Arseneau's emotional experiences he contends were caused by Allstate or Mundt's conduct.  The Court will address each of those limited matters separately.

Arseneau refers to limitations on his ability to have sex.  He does not, however, present sworn testimony that explains how this purported decrease in

libido has caused him emotional distress so severe the ordinary person could not be expected to endure it within the contemplation of *Sacco*.

Arseneau describes limitations on his ability to work long hours and lift items at work, apparently due to physical or medical conditions he has.  Arseneau asserts that his conditions affect him emotionally in that he states he has difficulty making friends at work because co-workers do not see him as a "team player." This alleged emotional impact, as described, is not the type of serious or severe emotional distress that no reasonable person could be expected to endure as contemplated in *Sacco*.  Arseneau's testimony describes only his perception of how others view him — he does not describe any emotional distress he suffers as a consequence.

Arseneau next describes his lack of understanding he had at the time Defendants were handling his claim.  His testimony, however, does not describe any emotional distress consequences he experienced as a result of Defendants' conduct.

Arseneau discusses his experience with Dr. Michael Sousa, M.D., when he examined Arseneau on behalf of Allstate.  Dr. Sousa informed Arseneau of the necessary treatment and the likely prognosis for his medical conditions. Arseneau's testimony, however, does not discuss any serious or severe emotional

distress he suffered as a result of his experience with Dr. Sousa.  Arseneau simply states that Dr. Sousa made him feel "a little uneasy."  A feeling of uneasiness does not rise to the level of serious or severe emotional distress that no reasonable person could be expected to endure.

Arseneau testified about the impact on his medical conditions caused by Defendants' failure to advance payment for medical treatment he needed.  He states that without payments from Allstate, Arseneau was financially unable to obtain physical therapy and steroid injections.  Arseneau characterizes the experience as "frustrating, and [...] depressing[.]"  Arseneau also complains that Allstate's conduct made it more difficult for him to obtain necessary medical treatment which exacerbated his medical conditions regarding his back pain and "leg issues."  This testimony, however, does not describe any serious or severe emotional distress Arseneau suffered as a result of Defendants' conduct.  Mere frustration or feelings of depression do not rise to the level of emotional distress required to sustain an independent cause of action for the infliction of emotional distress under *Sacco*.

Arseneau next describes how Allstate requested documentation from him to support his claims, and engaged a private investigator to interview Arseneau's former landlord to gain information about Arseneau.  He asserts this conduct by

11

Allstate was "frustrating," "irritating," made him "angry, [and] annoyed," and caused him to feel "rage."  Again, Arseneau's reaction to Allstate's investigative conduct does not rise to the level of emotional distress necessary to sustain an independent cause of action under *Sacco*.  As explained by the court in *Sacco*:

> The distress must be reasonable and justified under the circumstances, and there is no liability where the plaintiff has suffered exaggerated and unreasonable emotional distress, unless it results from a peculiar susceptibility to such distress of which the actor had knowledge.

*Sacco*, 896 P.2d at 426.  The fact that Allstate's request for documentation, and its contact with the landlord may have frustrated, angered, annoyed and enraged Arseneau is not enough to sustain a claim under *Sacco*.  Rather, it was incumbent on Arseneau to establish that the investigative techniques employed by Allstate produced an emotional reaction that was so severe that no reasonable person could be expected to endure it.  Arseneau failed to do so.

Arseneau asserts his injuries and pain has affected his relationship with Megan Mundell.  He states that he and Megan "argue nightly" because his pain prevents him from doing his chores.  This testimony, however, merely describes Arseneau's interactions with Megan and does not present evidence of any severe or serious emotional distress he suffers.

Arseneau discusses the significance of his leg and back pain flare-ups.  He

12

states that due to the pain he gets "very grouchy with a lot of people."  Being "grouchy," however, is simply a description of Arseneau's reaction to the pain and to other people, and it is not a description of any serious or severe emotional distress Arseneau may suffer.

Finally, Arseneau testifies as to his opinion about Allstate — that Allstate is a crook.  He states he will never forget Allstate, and that he will recommend to others that they not deal with Allstate because it does "not help people[.]"   These statements merely describe Arseneau's opinion about Allstate, not any serious or severe emotional distress Allstate has caused him.

After considering all of the evidence submitted by Arseneau in response to Allstate and Mundt's summary judgment motion in a light most favorable to Arseneau, the Court finds Arseneau has not presented evidence on which a jury could find that he suffered the type of serious or severe emotional distress necessary to sustain a claim for negligent and intentional infliction of emotional distress under *Sacco*.

The Court notes, however, that Arseneau's First Amended Complaint contains a prayer for relief seeking compensation for emotional distress as an element of damages.  The high standard of proof established in *Sacco* applies only to an independent cause of action for the infliction of emotional distress, and the

13

standard does not apply to a claim requesting compensation for emotional distress as an element of damages associated with other torts in general. *Lorang v. Fortis Ins. Co.*, 192 P.3d 186, 223 (Mont. 2008). Therefore, to the extent Arseneau requests compensation for emotional distress as an element of damages "[t]he measure of [his] actual damages is a factual matter for the jury to determine." *Id.*, 192 P.3d at 224.

## IV.    CONCLUSION

For the reasons discussed, IT IS HEREBY ORDERED that Allstate and Mundt's Motion for Partial Summary Judgment Regarding Counts III and IV is GRANTED, and Arseneau's causes of action for negligent and intentional infliction of emotional distress are DISMISSED.

DATED this 27th day of October, 2010.


  /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge